**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA O. SEGOVIA, | No. 09-16146 |
| Debtor - Appellant, | D.C. No. 4:08-cv-03075-PJH |
| v. | |
| E. LYNN SCHOENMANN, | MEMORANDUM[*] |
| Trustee - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 15, 2010[**]
San Francisco, California

Before: HUG, BEEZER, and HALL, Circuit Judges.

Maria Segovia appeals pro se from the district court's decision affirming the

bankruptcy court's judgment. Segovia attempted to claim unexercised stock

options under her former employer's long-term incentive compensation plan as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

exempt property. The bankruptcy court held that the stock options were not exempt, making them part of the bankruptcy estate, and the district court affirmed. We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. In re Price, 353 F.3d 1135, 1138 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The facts of this case are known to the parties. We do not repeat them.

## I

The bankruptcy court did not make any findings regarding Segovia's date of retirement. The district court therefore considered the factual issue de novo and concluded that Segovia's date of retirement was on March 3, 2007. Because Segovia continued to receive a salary from her employer under its continuation of leave plan until March 3, 2007, the district court did not clearly err in determining that this was the date of her retirement.

## II

The long-term incentive compensation plan is not a retirement plan under state or federal law, and is therefore not excludable from Segovia's bankruptcy estate. *See* 11 U.S.C. § 541(c)(2); *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 188-89 (3d Cir. 2003). Under ERISA, a retirement plan is a plan that is "established or maintained by an employer" and "(i) provides retirement income to

2

employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A). The long-term incentive compensation plan did neither of these things. The plan's stated purpose is to "motivate key employees to produce a superior return" and "to facilitate recruiting and retaining talented executives." It did this by providing employees current additional income throughout their careers, not by deferring that income until retirement.

Similarly, under California law, retirement plans must be "designed and used for retirement purposes." Cal. Civ. Proc. Code § 704.115(a); see In re Bloom, 839 F.2d 1376, 1378 (9th Cir. 1988). Here, the long-term incentive compensation plan is not "designed and used for retirement purposes." Again, it provided current, not deferred, income.

### III

Segovia has waived her challenge to the bankruptcy court's approval of a stipulation between Schoenmann and Wells Fargo allowing Schoenmann to exercise Segovia's stock options because she raises it for the first time on appeal. See In re Focus Media, Inc., 378 F.3d 916, 924 n.7 (9th Cir. 2004).

**AFFIRMED.**